# EXHIBIT A

## General Counsel Representation Agreement

**Must Cure Obesity Co.** ("Client") hereby retains The Goodwin Firm, ("Firm") to perform legal services on behalf of Client. Client specifically desires to engage Firm on a long term basis to provide general counsel and litigation services. Firm has agreed to represent Client, provide legal advice to Client as necessary, and perform other legal services asked of it, as provided in this Agreement, in consideration of payment for such services as provided in this Agreement.

For good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties have agreed upon the following terms and conditions:

I.      **EFFECTIVE DATE.** The Effective Date of this agreement is September 1, 2018.

II.      **SCOPE OF WORK.** Providing general legal services on behalf of Client as requested and which Firm deems necessary on Client's legal issues. This Agreement differs in some important respects from conventional representation by a litigation Firm or other Firm retained and paid on an hourly basis. This Agreement is specifically for Firm to assist Client with a range of standard legal issues, consultations, and litigation related to Client's business, and other matters as Client and Firm agree, has been priced based on Firm's knowledge of Client's legal needs due to its longstanding prior relationship with Client. Client acknowledges its obligation to seek advice and services from a qualified tax professional. Firm may require Client to execute a separate paid retainer agreement or pay in advance for matters that exceed the scope of this Agreement.

III.      **FIRM FEES. Hybrid.** Client understands this Contract for Legal Services Agreement is based upon a <u>hybrid fee basis</u>. Client understands it is responsible for the non-refundable fee described in section B below which will be applied to the final bill for the hourly rate described in Section C below, plus costs, and expenses and, should any litigated cases settle or a judgment be entered in Client's favor, Client is *also* responsible for the contingency fee set forth in section A below.

The non-contingent fees and costs to be charged in connection with Firm's representation, as described in Sections III B, III C, and IV below, are not predictable and the non-refundable fee is not a cap/ceiling on the fees to be charged, but rather, a payment to be applied to future invoices. Firm has made no commitment to Client concerning the maximum fees and costs that will be charged in connection with work performed by Firm for Client. Although Firm may seek to recover some or all fees or costs from opposing party(ies), it cannot guaranty any such recovery and it shall remain Client's responsibility to make timely payments for all invoices independent of any potential recompense from another party.

A.      <u>Contingency Fees.</u> Contingent on Firm's securing relief for Client in any litigated matter, Client agrees to pay Firm, and Firm agrees to accept, whichever is the greater of:

- **The standard hourly fee charged by The Goodwin Firm, P.A.,** (which is currently $400.00 for non-contingent representation), should Firm obtain either a judgment or settlement providing me any affirmative relief; *or*

- **Up to two and a half (2 ½) times those standard hourly fees** in any case in which a Court of law permits a multiplier either because of the quality of the presentation,

1

the result obtained, delay in payment or the contingent nature of the representation, which enhancement for contingency fees has been approved by the Florida Supreme Court in *Florida Patients Compensation Fund v. Rowe*, 472 S.2d 1145, 1151 (Fla. 1985), as modified by *Standard Guaranty Insurance Co. v Quanstrom*, 555 So.2d 828 (Fla. 1990).

- Thirty-eight percent (38%) of any recovery made thereafter by way of settlement, conciliation, court decree, jury verdict or otherwise; or

1. The undersigned Client has, before signing this contract, received and read the statement of client's rights and understands each of the rights set forth therein. The undersigned Client has signed the statement and received a signed copy to refer to while being represented by the undersigned Firm.

2. This contingency portion of the contract may be cancelled by written notification to Firm at any time within 3 business days of the date the contract was signed, as shown below, and if cancelled the client shall not be obligated to pay any portion of the contingency fees to Firm for the work performed during that time. If Firm has advanced funds to others in representation of the client, Firm is entitled to be reimbursed for such amounts as Firm has reasonably advanced on behalf of Client.

3. **Fees Obtained from Opposing Party.** Client understands that should Firm be able to obtain compensation of its fees from third parties in litigation, the Florida Bar Rules and Florida criminal statutes forbid the sharing of attorney fees with non-attorneys. However, Client would be entitled to a reimbursement of any and all fees and costs it had actually paid in connection with the litigation in which fees and costs were ordered by a court to be paid by the opposing party in a case.

Additionally, it is *possible* that a court or the Florida Bar could find that, due to the nature of this General Counsel Agreement, Client is entitled to receive the full amount of any fees awarded in a particular case. Client understands Firm will make every possible viable argument that Client should be entitled to receive such fees, but that in the end the decision rests with either the Court in each particular case and/or with the Florida Bar. *Client understands that under no circumstance is Firm obligated to "work off" any fees it may obtain from an opposing party or attorney or to provide future discounted fees to Client because it obtained a fee award in any case.* Of course, Firm may, in the future and in its sole discretion, choose to work with Client on fees it pays to Firm, but that would be in no way related to any award of fees received by Firm in a prior matter.

B. <u>Non-Refundable Fee.</u> In addition to the contingent fees described above, Firm requires a non-refundable payment of **$85,000.00** ("Non-Refundable Fee") to be paid upon per the schedule in Section below. Firm reserves the right to increase or decrease the amount of the Non-Refundable Fee should Client's bills consistently exceed or fall below this amount.

1. The Non-Refundable Fee is earned when received and will be applied to the total fee finally billed to Client at the reduced non-contingent rates set forth in Section C below. Client and Firm intend that Non-Refundable Fee is to be Firm's regardless of what happens after it is paid, even though it is anticipated that the funds will ultimately be applied to the complete fee for legal services. *The Non-Refundable Fee is not subject to refund whether or not Firm actually has to perform the legal services contemplated by this Agreement.*

2

2. Firm will deposit the Non-Refundable Fee into Firm's operating account and **not** into its client trust account.

3. Client understands that *NO portion of the Non-Refundable Fee is refundable to Client, third parties, or able to be re-directed by Client for other purposes under any circumstances, including litigation or legal expenses/costs.*

C.   **HOURLY RATE.** The Non-Refundable Fee will be deducted from Client's final bill, at the below hourly rates, which Client is to pay in addition to the contingency rate described in Section A above:

    1. Attorney April S. Goodwin: $45.00/hour

    2. Attorney Andrew C. Hill (Of Counsel):

       a.   9/1/18-9/30/18
         i.   $37.50/hour for up to 200 hours/month
         ii.   $38.00/hour for each hour over 200/month
       b.   10/1/18-4/1/19
         i.   $39.60 for up to 200 hours/month
         ii.   $40.11/hour for each hour over 200/month

D.   **PAYMENTS.** Payments will be made to Firm on the following schedule:

    1. **$60,000.00** no later than 9/17/18.
    2. **$25,000.00** no later than 10/17/18
    3. **$85,000.00** non-refundable fee no later than February 28, 2019.

       a.   *Payment of this fee prior to February 28, 2019 will be applied to any outstanding fees or expenses as of the payment date, with the remaining amount placed into Firm's trust account until February 28, 2019 at which time it will be transferred to Firm's operating account as the non-refundable fee for the second 180 day period. Funds in Firm's Trust Account remain the property of Client and are refundable to Client.*

    4. **Outstanding Fee Balance:** Within 10 days of first daily invoice reflecting same.

All payments should be made payable to "April S. Goodwin, Esq." Interest will be charged and added to the balance of Client's account commencing, and to the extent that same remains unpaid, thirty (30) days after the rendering of monthly billing for said account, interest will be charged at the rate of one and one-half percent (1-1/2%) per month, 18% per annum. Payments received after the tenth (10th) day of any month will be assessed with a late fee of $100.00.

IV.   **EXPENSES/COSTS.** Client understands the Rules of Ethics for the Florida Bar prohibit Firm from paying Client's expenses, including, but not limited to, advertising, mediators, court reporters, transcripts, filing fees, court fees and costs, and postage, and that *such expenses shall be paid by Client separately from and in addition to the non-refundable fee.*

A.    All expenses over the amount of $100.00 shall be pre-approved by Client. Firm will include any costs by Firm in its monthly invoice as described above. Firm may, at its discretion, choose to advance Client costs. Client agrees to reimburse Firm in full no later than ten (10) days after the invoice date for any costs advanced by Firm.

B.    Should Client wish Firm to pay costs over the amount of $100.00, including payment to third parties and Client's other Firms, Client will deposit the amount of the cost/expense into Firm's Trust Account and Firm will distribute the funds as Client directs. Until and unless such funds are distributed by Firm at Client's direction, the funds in Firm's Trust Account are refundable to Client and any remaining such funds will be refunded to Client at the conclusion of representation.

C.    Client may also choose to pay a vendor directly.

D.    If any expenses are outstanding at the time settlement or award funds are paid, Firm will deduct such outstanding expenses from any award or settlement funds recovered by Firm on behalf of Client.

V.    **INVOICES.** In order to ensure Client is aware of how much work Firm has performed for Client, beginning on October 1, 2018, Firm shall issue *daily* invoices reflecting the hours of work performed by Firm for Client each day and a, for Client's convenience, a *monthly* invoice reflecting the totals for each month on the first of each month or as soon thereafter as is possible. The daily invoices shall be sent by Firm no later than 8:00 a.m. Eastern Time on the day following the day the work was performed. For example, the daily invoice for October 1, 2018, shall be sent by Firm no later than 8:00 a.m. on October 2, 2018.

A.    Daily invoices shall also include all expenses incurred on behalf of Client and indicate any balance for such expenses Client owes to Firm. Client shall pay any outstanding balance for fees or expenses to Firm within 10 calendar days of receipt of the **daily invoice.**

B.    **Objections.** Upon receipt of each *daily* invoice, it is Client's responsibility to review each time entry for legal services rendered and each cost entry for expenses incurred on its behalf. If Client has any questions regarding a daily invoice or disputes a fee, time entry, or any other item in the daily invoice, it must notify Firm in writing within *5 calendar days* from the date the *daily invoice* was sent to Client.

If Client does not provide to Firm within 5 days a specific particularized written objection to or disagreement with any services rendered or charges assessed (as reflected on an invoice), its failure to object shall operate as an agreement and admission that it is fully responsible for all charges reflected on the invoice. Specifically, unless Client notifies Firm in writing within 5 days from the time the invoice was sent to Client of a specific objection to a particular entry or charge thereon, all professional fees charged and all entries on the invoice shall be deemed to be fair and reasonable and all objections to the invoice shall be deemed to be waived and abandoned.

**All such objections to and disagreements with services shall be directed specifically to April S. Goodwin, Esq. and _not_ to Of Counsel attorneys working with Firm.** *Repeated violations of this provision may be cause for Firm's early termination of this Agreement.*

4

VI.   **COMMENCEMENT OF WORK.** Retention and representation shall not commence until Firm receives: (1) the original or a copy of this Agreement executed by Client; and (2) all retainers required by this Agreement. Work will not commence until the above retainers have cleared the bank.

VII.   **OF COUNSEL ATTORNEYS.** Client understands that due to its need for full-time general counsel, which Firm would otherwise be unable to meet due to its obligations to other clients and matters, Firm has entered into "of counsel" arrangements with other Attorneys to assist with the high volume of work required by Client. These attorneys are *not* employees of Firm and will not perform work on or otherwise consult with Firm on matters other than those relating to Client. Unless otherwise agreed to by Client, such Of Counsel attorneys will perform work for Client on a "full-time" basis, during regular business hours and during non-business hours as the work requires, subject to the Of Counsel attorneys' availability. They will have no other clients nor handle any matters other than those for Client.

    A.   Client understands that Firm has, under separate agreement, obligated itself to compensate any such Of Counsel attorneys based on this Agreement between Firm and Client.

    B.   Client agrees that all matters of compensation to Of Counsel attorneys for the non-contingency fee portion of this Agreement are solely and purely within the discretion of Firm.

    C.   If Client has an issue with work performed or invoices submitted by Of Counsel attorneys, Client is to address same with Firm owner and manager, attorney April S. Goodwin, and *not* with the Of Counsel attorneys directly, unless given express consent by Ms. Goodwin to do so. *Violations of this provision may be cause for termination of this Agreement.*

Firm understands Client has very particular requests for accounting for work performed and will do its best to accommodate those requests for Client and to ensure its Of Counsel attorneys do the same. Should an Of Counsel attorney fail to live up to Client's strict and particular standards, Firm may, at its own discretion, choose to terminate its relationship with the Of Counsel attorney at issue.

Client understands and agrees that at no time may Client dictate in any way the amount of compensation paid by Firm to Of Counsel attorneys or the timing of when Of Counsel attorneys are paid by Firm. Attempts by Client to do so may result in the early termination of this Agreement.

VIII.   **COOPERATION. Client's cooperation is of the essence.** Client agrees to keep Firm reasonably informed of pertinent information, as well as provide Firm with all requested information in a timely manner, to be honest and candid with Firm, to update Firm with any changes in Client's contact information, and to appear at any conference, meeting, deposition, hearing, mediation, arbitration, proceeding, and trial as requested by Firm. Client understands that it is mutually beneficial to have Firm involved in Client's business on a routine basis and that problems can often be avoided and risk can often be mitigated with prompt attention to issues. Client shall execute such other and further instruments as may be necessary to implement, complete, and perfect the terms and conditions of this Agreement.

IX.   **NO GUARANTEES.** Firm makes no promises or guarantees, now or in the future, concerning the success, the value, or the time to be expended. In the event of a loss, Client may be

liable for the opposing party's Firm fees and will be liable for the opposing party's costs as required by law.

X. **INSURANCE COVERAGE FOR DEFENSE OR INDEMNITY.** If any matter that Client has entrusted to Firm involves a claim asserted against Client, Client may have insurance coverage that will provide payment for Client's defense of the claim and/or payment of any loss that Client may suffer as a result of the claim. In some instances, Client may also have insurance coverage for costs associated with claims asserted by Client. Client's insurance coverage may be available under a professional liability policy, a business risk policy, a homeowner's policy or any other policy that provides coverage for indemnification of losses. It is Client's responsibility to present claims made against Client and claims presented by Client to Client's insurance agent and to Client's insurance carrier in accordance with the terms of Client's policy(ies).

XI. **SETTLEMENTS.** All settlement payments or court awards received by Client or by Firm shall be deposited into Firm's Trust Account. Firm shall have irrevocable authority to pay any balance due to Firm of these funds before transferring the balance to Client, *after* Firm has confirmed the funds cannot be "clawed back" by the payor (up to 10 business days after deposit into Firm's Trust Account).

XII. **TERMINATION/WITHDRAWAL.** Subject to ethical requirements, Firm's representation of Client may be terminated by either party hereto at any time immediately upon written notice to the other party. Firm shall have the right to terminate this Agreement and withdraw from representation if Client does not make payments as required herein, if Client has misrepresented or failed to disclose material facts, if Client fails to follow the advice of Firm, for any reason enumerated in Rule 4-1.16(a) of the Florida Bar Rules of Professional Conduct (mandatory withdrawal), or if Firm determines it is no longer in Firm or Client's best interests to continue the relationship. In any of these events, Client agrees to execute such necessary documents as will permit Firm to withdraw. Any unpaid sums owed Firm are due and payable in full upon termination. Upon discharge of Firm, Client grants Firm a lien for Attorney fees and costs and agrees to execute a confession of judgment in the sum due and owing to Firm. If Client fails and refuses to pay Firm fees and costs due and owing to Firm, Firm has the right to hold Client's file until Client makes payment in full.

XIII. **WAIVER OF CONFLICTS OF INTEREST.** Client and Firm are not aware of any conflicts of interest at the time of executing this Agreement which would affect the retention and representation. This is not an exclusive contract and Client is free to retain any other legal counsel, as well as additional legal counsel, of its choosing. Other than as disclosed in this Agreement, Firm shall be disqualified from representing any other client with interests materially and directly adverse to Client (I) in any matter which is substantially related to Firm's representation of Client and (II) with respect to any matter where there is a reasonable probability that confidential information Client furnished to Firm could be used to Client's disadvantage. With the exceptions noted, Firm is free to represent other clients, including clients whose interests may conflict with Client's interests in litigation, business transactions, or other legal matters. Client consents in advance to Firm's undertaking of such representations.

XIV. **SEVERABILITY.** If any provision in this Agreement shall be held by a court of competent jurisdiction to be invalid or unenforceable, the remainder of this Agreement shall not be affected thereby.

XV.    **DISPUTES.** Any dispute with regards to this engagement or as to the amount of the legal fees shall be submitted for final and binding arbitration in Florida. If the entire dispute can and will be heard by the Fee Dispute Committee of the Florida Bar, then that shall be the forum of arbitration. If the entire dispute cannot or will not be heard by the Fee Dispute Committee of the Florida Bar, then the entire dispute shall be submitted for arbitration before the American Arbitration Association. In any dispute by and between Client and Firm, the prevailing party shall be entitled to recover from the non-prevailing party any reasonable attorney fees and costs incurred. For purposes of this Agreement, Firm and Client acknowledge, understand and agree that arbitration of disputes arising from the interpretation, performance or breach of this Agreement has certain advantages and disadvantages when compared to subjecting such disputes to a court of law where the parties' rights may be decided by a jury. Advantages of arbitration may include faster resolution of disputes, less expense incurred in resolving disputes, and a less burdensome and more private forum for resolution of disputes. Disadvantages of arbitration may include deprivation of the right to a trial by jury, and deprivation of the right to appeal. It is, nevertheless, Client's desire that this Agreement provide for binding arbitration of any disputes between Client and Firm.

XVI.    **BINDING EFFECT.** This Agreement shall be binding on Client and Firm and their respective heirs, representatives, successors, and assigns of any kind or nature whatsoever.

XVII.    **COUNTERPARTS.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

XVIII.    **HEADINGS; USAGE.** The headings in this Agreement are solely for convenience of reference and are not part of this Agreement. The singular includes the plural in this Agreement, and vice versa.

XIX.    **PARTIES IN INTEREST.** Nothing in this Agreement shall confer any rights or remedies under or by reason of this Agreement on any third person, nor relieve or discharge the obligations or liabilities of any third person to Client or Firm, nor grant any third person any right of subrogation or action over or against Client or Firm.

XX.    **ENTIRE AGREEMENT.** This Agreement contains the entire agreement by and between Client and Firm and supersedes all prior or contemporaneous oral or written negotiations, correspondence, understandings, and agreements by and between the parties regarding the Matter. All amendments to this Agreement shall be in writing and executed by Client and Firm.

XXI.    **GOVERNING LAW AND RULES OF PROFESSIONAL CONDUCT.** This Contract shall be interpreted and enforced in accordance with the laws of the State of Florida. Firm's services shall be governed by the Rules of Professional Conduct as adopted by the Florida Supreme Court, without regard to where the services are actually performed.

XXII.    **INTERPRETATION.** This Agreement shall not be interpreted against Firm simply for the fact that Firm drafted this Agreement.

XXIII. **CLIENT'S PARTICIPATION IN DRAFTING AGREEMENT.** Client agrees it had significant input in the drafting of this Agreement, including the terms regarding the amount and structure of the fees.

7

XXIV. **AUTHORITY/CAPACITY.** This Agreement is entered into by and between Client and Firm knowingly, freely, and voluntarily and without duress, coercion, or undue influence. Client acknowledges that Client is of sound mind and of the age of majority at the time of executing this Agreement. Firm acknowledges Firm is an active and licensed business entity at the time of executing this Agreement. The undersigned Client representative asserts he has the requisite authority to bind Client in this manner.

XXV. **PERSONAL GUARANTEE.**Don Karl Juravin hereby absolutely and unconditionally guarantees all obligations of Client to Firm pursuant to this Agreement.

**WARNING: THIS IS AN IMPORTANT BINDING LEGAL DOCUMENT. IF YOU HAVE QUESTIONS ABOUT WHAT IT MEANS, DO NOT SIGN IT UNTIL YOU HAVE OBTAINED INDEPENDENT LEGAL COUNSEL.**

IN WITNESS WHEREOF, this Agreement has been duly executed by or on behalf of the parties hereto as of the date indicated below.

Client:

MUST CURE OBESITY

_____
Don Karl Juravin

Date: _____

Firm:

THE GOODWIN FIRM, P.A.

_____
APRIL S. GOODWIN, ESQ.

Date: 9/26/18 _____