UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re:<br><br>DON KARL JURAVIN,<br><br>    Debtor.<br>_____/<br><br>DON KARL JURAVIN,<br>Case No. 6:18-bk-06821-KSJ<br><br>    Applicable Debtor.<br>_____/<br><br>DENNIS D. KENNEDY,<br>AS CHAPTER 7 TRUSTEE OF THE<br>ESTATE OF DON KARL JURAVIN,<br><br>    Plaintiff,<br>v.<br><br>APRIL GOODWIN,<br>THE GOODWIN FIRM, P.A.,<br><br>    Defendants.<br>_____/ | Chapter 7<br><br>Case No. 6:18-bk-06821-KSJ<br><br>Case No. 6:20-bk-01801-KSJ<br><br>*Jointly Administered with*<br>Case No. 6:18-bk-06821-KSJ<br><br><br><br><br><br>Adv. Pro. No. 6:21-ap-00145-KSJ |

**MOTION TO DISMISS COUNTERCLAIM WITH PREJDUICE**
**OR ALTERNATIVELY, TO STRIKE COUNTERCLAIM**

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

> **NOTICE OF OPPORTUNITY TO**
> **OBJECT AND REQUEST FOR HEARING**
>
> If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorney, Lauren M. Reynolds, Esquire, PO Box 880, Winter Park, FL 32790-0880, within 14 days from the date of the attached proof of service, plus an additional 3 days if this paper was served on any party by U.S. Mail.
>
> If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice of hearing.
>
> You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

Dennis D. Kennedy, as Chapter 7 Trustee of the Estate of Don Karl Juravin, through counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable through Federal Rule of Bankruptcy Procedure 7012(b), moves to dismiss with prejudice the counterclaim for attorney's fees contained in the Answer to Complaint (the "Counterclaim") filed by April Goodwin and The Goodwin Law Firm, P.A., or alternatively, pursuant to Federal Rule of Civil Procedure 12(f), made applicable through Federal Rule of Bankruptcy Procedure 7012(b), moves to strike that Counterclaim, and in support states:

1. On October 4, 2021, the Trustee filed his Complaint to avoid and recover certain fraudulent transfers, preferences, post-petition transfers, and for turnover against the Defendants. (Doc. No. 1).

2. On November 24, 2021, the Defendants filed their Answer to Complaint, in which they generally deny the allegations of the Complaint and raise certain affirmative defenses thereto. (Doc. No. 8).

3. In the Answer, they also purport to raise a "Counterclaim for Attorney's Fees", which consists of three sentences. The basis for that purported counterclaim is simply that (i) the Defendants are obligated to pay their counsel to defend against this lawsuit and (ii) the Complaint allegedly fails to state a claim for relief and is based on false allegations. Somehow, the Defendants seem to contend that these allegations support a counterclaim for attorney's fees.

4. Under Rule 12(b)(6), made applicable by Bankruptcy Rule 7012(b), a counterclaim must be dismissed when the plaintiff's allegations fail to state a claim upon which relief can be granted. To survive a motion to dismiss, a counterclaim must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2008). A counterclaim should be dismissed with prejudice when the claimant "can prove no set of facts in support of his claim which would entitle him to relief." *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986).

5. Alternatively, pursuant to Rule 12(f), the "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

6. Here, it clear that the "Counterclaim for Attorney's Fees" should be either dismissed with prejudice or stricken. The Defendants have no basis to bring such a claim against the Trustee simply because he is pursuing legitimate claims against them. The Trustee's claims do not seek to recover attorneys' fees or costs from the Defendants, and there is no statutory or contractual basis upon which the Defendants could conceivably recover those expenses. As such, there is simply no legitimate basis for this counterclaim.

WHEREFORE, Dennis D. Kennedy, as Chapter 7 Trustee, respectfully requests that the Court enter an order dismissing the Counterclaim for Attorney's Fees with prejudice or striking that claim, and for any other relief the Court deems just and proper.

Dated this 14th day of December, 2021.

/s/ Lauren M. Reynolds
Bradley M. Saxton, Esquire
Florida Bar No. 0855995
bsaxton@whww.com
Lauren M. Reynolds, Esquire
Florida Bar No. 112141
Lreynolds@whww.com
**Winderweedle, Haines, Ward & Woodman, P.A.**
Post Office Box 880
Winter Park, FL 32790-0880
(407) 423-4246
(407) 645-3728 (facsimile)
Attorneys for Dennis D. Kennedy, Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 14, 2021, a true and correct copy of the foregoing has been furnished via:

*CM/ECF to:*

Samantha L. Dammer, Bleakley Bavol Denman & Grace, 15316 N. Florida Avenue, Tampa, FL 33613

/s/ Lauren M. Reynolds
Attorney